PETER D. ROSENBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosenberg v. Commissioner
Docket No. 25429-90
United States Tax Court
T.C. Memo 1992-264; 1992 Tax Ct. Memo LEXIS 286; 63 T.C.M. (CCH) 2941; May 7, 1992, Filed *286 Decision will be entered for respondent, except for the addition to tax determined for tax year 1988 under section 6653(a)(2). Peter D. Rosenberg., pro se. Rudd L. Duvall, for respondent. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By separate notices of deficiency, respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654(a)
1984
$ 238
$ 100
$ 12
[1]
- 1985
391
100
20
[1]
- 1988
1,324
331
66
[2]
$ 84
*287 The sole issue for decision is whether petitioner is exempt from paying Federal income taxes. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by reference. Petitioner resided at San Francisco, California, at the time he filed the petition herein. Petitioner did not file Federal income tax returns for 1984, 1985, or 1988. On April 17, 1989, he sent to the Internal Revenue Service copies of two Forms W-2 reflecting taxable wages paid to him during 1988 totaling $ 13,725.49 ($ 4,680 from Peter & Paul Community Services, Inc. and $ 9,045.49 from the State of Missouri). These Forms W-2 indicate that no Federal withholding taxes were deducted from petitioner's 1988 wages. Petitioner did not include any payment of tax with his mailing. It appears from the accompanying cover letter that petitioner mailed the Forms W-2 in an attempt to comply with tax return filing requirements, but claimed he should not be subjected to the income tax. In addition, petitioner has unreported income for 1984 and 1985 in the respective amounts of $ 5,330 and $ 6,573. Petitioner does not contest the accuracy of the tax deficiencies *288 and additions to tax included in respondent's notices of deficiency, but urges this Court to relieve him of liability for payment of the amounts. Petitioner has lived his life in austerity. At the time of trial, he had no permanent address. He has devoted a large proportion of his time and limited financial resources to assisting others in need, including the homeless and disadvantaged. Petitioner is disillusioned by the system of government in this country and believes it no longer represents the average citizen. Petitioner is not a member of any of the so-called "tax protestor" groups and advances none of the specious tax protestor arguments we frequently hear. However, petitioner wanted to enter into a dialogue with this Court in the hope that together we might find a way to cure society's ills as petitioner saw them. Petitioner believes that the Government is abrogating its constitutional responsibilities, given the quantity and quality consequences of the perceived problems, and the state of the art technology for addressing those problems. Petitioner has not pointed us to any Internal Revenue Code section or other legal authority exempting him from the Federal income *289 tax. He essentially prays for equitable relief, but, as we advised petitioner at trial, we are without the authority to grant him the relief he-requests. This Court is a legislative creation and has only the powers expressly conferred by the Congress. ; . See also . Congress has not chosen to give us jurisdiction over the problems on petitioner's mind. Petitioner's distress over our laws cannot be redressed in this forum; he must lodge his grievance with those empowered to change the laws, the Congress. Accordingly, with the exception of the negligence addition to tax erroneously determined for 1988 under section 6653(a)(2), we must sustain respondent. Decision will be entered for respondent, except for the addition to tax determined for tax year 1988 under section 6653(a)(2).
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the amount of deficiency. ↩
2. Respondent determined a negligence addition to tax for 1988 under both section 6653(a) (1) and (2); however, beginning with tax years for which the return due date is after December 31, 1988, the Code no longer provides an addition to tax for negligence under section 6653(a)(2). We therefore treat respondent's determination in this regard as erroneous.↩